IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN E. GIBSON, | : |
| Plaintiff | : |
| VS. | : |
| UNNAMED DEFENDANT(S), | : 5:15-CV-286 (MTT) |
| Defendant | : |
| _____ : | **O R D E R** |

Plaintiff John E. Gibson, an inmate currently confined at Phillips State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1). By Order dated August 12, 2015 (ECF No. 5), this Court instructed Plaintiff to submit: (1) an initial partial filing fee of $8.30; and (2) a recast complaint on this Court's standard section 1983 complaint form. Plaintiff was warned that failure to comply with the Court's Order would result in dismissal of his complaint. Plaintiff was given 21 days from the date of the August 12th Order to comply. When Plaintiff failed to comply within 21 days, the Magistrate Judge, on September 11, 2015, ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's Orders. (ECF No. 6). Plaintiff's response was due within 14 days of the date of the September 11th Order and Plaintiff was again advised that failure to respond would result in dismissal of his pleading. Seventeen days later, Plaintiff filed a motion for extension of time. (ECF No. 7). The

Magistrate Judge granted Plaintiff's motion on October 22, 2015, and gave Plaintiff an additional 21 days to respond.  (ECF No. 8).  Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in the dismissal of his complaint.

As of today's date, notwithstanding repeated warnings, Plaintiff failed to comply with the Orders of this Court or to provide the Court with any explanation of why he has not complied.  Accordingly, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 24th day of November, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT